UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80504-CIV-MARRA
(12-80030-CR-MARRA)

THEODORE TARONE,

Movant/Defendant,

vs.

UNITED STATES OF AMERICA,

Respondent/Plaintiff.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Movant Theodore Tarone's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (DE 1.) The Court has carefully considered the motion, the response to the motion (DE 6) and is otherwise fully advised in the premises.

I.  Background

On June 6, 2012, Movant pled guilty to a one count information charging him with conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (DE 76 in case no. 12-80030-CR.) Subsequently, on January 11, 2013, the Court sentenced Movant to period of incarceration of 18 months. (DE 173 in case no. 12-80030-CR.) The Court held a restitution hearing on March 29, 2013, resulting in the imposition of $3,490.511 in restitution. (DE 197 in case no. 12-80030-CR.) The Amended Final Judgment also indicates that "[u]pon request of appropriate regulatory agency, the defendant shall relinquish his/her license to said agency. The defendant is on notice that such relinquishment is permanent and will be considered disciplinary action." (DE

198 at 4 in case no. 12-80030-CR.)

Movant moves for relief under § 2255, claiming that his trial counsel was ineffective because "counsel did not meet with him prior to sentencing to review and discuss proper calculations for the restitution in this case" and that "counsel failed to assure [sic] that the Court did not restrict Defendant's law license, after counsel's representations that the Government had agreed to protect his law license." (DE 1 at 9.)

II. Discussion

The Court begins its discussion by noting that § 2255 "does not offer relief from the non-custodial features of a criminal sentence." United States v. Harris, 546 F. App'x 898, 901 (11th Cir. 2013). In fact, the language of § 2255 provides in part, "A prisoner in custody under sentence of a [federal court] claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

In Blaik v. United States, a federal prisoner sought to have the restitution portion of his sentence reduced under section 2255. Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998). The Court held that § 2255 "cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence." Id. at 1343. Based on the "right to be released" language of the statute, the Court observed that, if it reduced the restitution amount, it would be taking an action not authorized by the statute, because a restitution reduction was not a release from custody. Id. at 1342; see also Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (the presence of a cognizable § 2255 claim does not make a challenge to restitution amenable to review). The same rationale applies to § 2255 challenges to fines since fines do not affect custody. United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994), cited with approval in

2

Mamone, 559 F.3d at 1211.

Moreover, to the extent Movant is challenging the loss of his license to practice law, he once again is not challenging the custodial aspects of his sentence. Rather, he is challenging the collateral consequences of his sentence. As the United States Supreme Court held in Maleng v. Cook, 490 U.S. 488, 492 (1989), "collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." The loss of a license or inability to engage in certain professions does not render a person "in custody" for the purpose of being able to seek relief under § 2255. Lefkowitz v. Fair, 816 F.2d 17, 20-21 (1st Cir. 1987); Ginsberg v. Abrams, 702 F.2d 48-49 (2d Cir. 1983); Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975).

Lastly, the fact that Movant is currently in custody does not permit him to challenge non-custodial aspects of his sentence. Blaik,161 F.3d 1341; Mamone, 559 F.3d at 1211.

In view of the foregoing, Movant's request is outside the scope of relief afforded by § 2255. As a result, Movant's petition must be denied.[1]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (DE 1) is **DENIED**. The

---

[1] Given that Movant has not met the threshold requirements for section 2255 relief, the Court need not address the merits of his dubious ineffective assistance of counsel claim. See Lynn v. United States, 365 F.3d 1225, 1233-34 (11th Cir. 2004) (courts must conduct a threshold inquiry to determine whether a claimed error is cognizable in a section 2255 proceeding).

Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2014.

_____
KENNETH A. MARRA
United States District Judge